Thomas Brown (031017)
Ernst, Brown & Draper, PLLC
3303 E. Baseline Road, Suite 101A
Gilbert, AZ 85234
tbrown@ebdlawyers.com
602-324-9644
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JUSTIN BLOOMER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARM & HAMMER CONSTRUCTION LLC, an Arizona limited liability company; and TIMOTHY YNIGUEZ and JANE DOE YNIGUEZ,<br><br>Defendants. | Case No:<br><br>**COMPLAINT** |

Plaintiff, by and through undersigned counsel, hereby allege as follows:

## **NATURE OF THE CASE**

1. This case arises out of unlawful employment practices. Plaintiff bring this action against Defendants for their unlawful failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*. and its unlawful failure to pay all wages

owed in violation of Arizona's wage statutes, Ariz. Rev. Stat. § 23-350 *et. seq.* ("Arizona Wage Statute" or "AWS").

2. This action is brought to recover overtime compensation, liquidated damages, treble damages, prejudgment interest, reasonable attorneys' fees, and statutory penalties resulting from Defendant's violations of FLSA and AWS.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this action is brought under 29 U.S.C. §§ 215(a)(3) & 216(b).

4. This Court has pendent jurisdiction over the state claim pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Defendant Arm & Hammer Framers, Inc. ("A&H") because it is an Arizona corporation located within the District and because it regularly transacts business in and has significant and continuous contact with this District.

6. This Court has personal jurisdiction over Defendant Timothy Yniguez because, upon information and belief, he resides in the District and regularly transacts business in and has significant and continuous contact with this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in Maricopa County, Arizona.

**PARTIES**

2

8. Plaintiff Justin Bloomer, at all relevant times to the matters alleged herein, is an individual and resident of Pinal County, Arizona.

9. Defendant A&H is a business that provides framing services and is located at 15510 West Bell Road, Surprise, AZ 85374.

10. Defendant Timothy Yniguez is an Arizona resident and is listed in filings with the Arizona Corporation Commission as the Director and President of A&H.

11. Upon information, Defendant Jane Doe Yniguez is the spouse of Timothy Yniguez and is joined in this action for the purpose of joining the marital community of Timothy Yniguez.

12. At all relevant times, Plaintiffs were employees of each Defendant within the meaning of 29 U.S.C. § 203(e).

13. At all relevant times, Plaintiff were employees of each Defendant within the meaning of A.R.S. § 23-350.

14. Each Defendant was Plaintiffs' employer within the meaning of 29 U.S.C. § 203(a) & (d).

15. Each Defendant was Plaintiffs' employer within the meaning of A.R.S. § 23-350.

16. Plaintiff has a good faith reasonable belief that in his work for Defendant, he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021 and 2022.

**COLLECTIVE ACTION ALLEGATIONS**

17. Plaintiff brings the FLSA claims on behalf of himself and all similarly situated Framers or those with substantially the same duties and responsibilities as Framers who work or

have worked for Defendants since September 2019 who elect to opt in to the FLSA claims asserted in this action ("Collective Members").

18. Plaintiff, on behalf of himself and all Collective Members who have not been properly classified as employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay overtime and wages for all hours worked under FLSA.

19. Plaintiff and the Collective Members are similarly situated in that their employment status is misclassified as they are not appropriately classified or compensated as employees of Defendants.

20. Plaintiff and the Collective Members are similarly situated in that they perform the same or similar duties, responsibilities, and activities.

21. Plaintiff and the Collective Members are similarly situated in that they are subject to the same or similar policies and procedures of the Defendants.

22. Plaintiff and the Collective Members are similarly situated in that they each have been harmed by Defendants' failure to compensate them according to FLSA.

23. Defendants' FLSA violations for failure to properly compensate Plaintiff and Collective Members is caused by Defendants' standard policies and business practices that are applicable to Plaintiff and the Collective Members.

24. Defendants' overtime and minimum wage practices were routine and consistent. Throughout the relevant time period over the past three years, the Collective Members regularly were not paid the proper overtime and minimum wage.

25. Defendants' failure to pay overtime and minimum wage compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on

the personal circumstances of the Collective Members. Plaintiff's experience is typical of the experience of the Collective Members.

## FACTUAL ALLEGATIONS

26. Plaintiff Justin Bloomer began working for A&H as a Framer and Foreman on July 22, 2021 and had a continuous and ongoing relationship working for A&H until he was terminated on July 25, 2022.

27. As a Framers, Plaintiff's job duties included measuring, cutting, and assembling lumber to build buildings in accordance with plans.

28. While working for A&H, Plaintiff regularly worked for A&H over forty hours per week.

29. Defendants hired Plaintiff to work for A&H.

30. Upon information and belief, Defendants misclassified Plaintiff employment relationship with A&H as an independent contractor relationship in an attempt to avoid the obligations under FLSA.

31. Upon information, and at all times relevant, Defendant A&H has possessed and exercised direct and/or indirect managerial and operational control as well as oversight and direction over workers including the Plaintiff including, but limited to, having and exercising authority to fire workers, having and exercising the authority to hire workers, assigning work to be performed, and directing the distribution of cash payments including wages paid to workers including the Plaintiff.

32. Upon information, and at all times relevant, Defendant Timothy Yniguez has possessed and exercised direct and/or indirect managerial and operational control as well as oversight and direction over Defendant A&H including, but limited to, having and exercising

5

authority to fire workers, having and exercising the authority to hire workers, assigning work to be performed, and directing the distribution of cash payments and other assets of Defendant A&H.

33. While working for A&H, Plaintiff Justin Bloomer was paid hourly and was supposed to be paid at a rate of $25.00 an hour. During his employment, Mr. Bloomer's rate of pay was increased to $27.00 an hour.

34. During his employment, Plaintiff Justin Bloomer worked 44.5 hours of overtime.

35. Plaintiff Justin Bloomer never received additional compensation for working overtime.

36. Upon information and belief, Defendants knew that Plaintiff was not receiving the corresponding overtime rate when he worked more than 40 hours in a work week.

37. On July 25, 2022, Defendants terminated Plaintiff's employment relationship.

38. Plaintiff Justin Bloomer was not paid wages owed for work performed from July 15, 2022, to July 25, 2022, for a total of 44.5 hours at $27.00 per hour. The amount owed for those hours was $1,201.50.

39. Defendant Timothy Yniguez acted in the interest of Defendant A&H and is subject to individual and personal liability under FLSA.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT – OVERTIME

40. Plaintiffs reallege and incorporate all allegations in all preceding paragraphs as if fully set forth.

41.     Defendants were Plaintiffs' employer as defined by 29 U.S.C. § 203(a) & (d) and was required to compensate Plaintiffs one and one-half times his regular hourly rate of pay for each hour worked in excess of forty hours per workweek.

42.     Plaintiffs have a good faith reasonable belief that in their work for Defendants, they were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021 and 2022.

43.     Plaintiffs regularly worked in excess of forty hours per workweek.

44.     The pay practices of Defendants, as described in the above paragraphs, violate the FLSA by failing to properly pay overtime to Plaintiffs.

45.     Defendant's violations of the FLSA are willful and intentional. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

46.     Because of Defendants' willful and unlawful acts, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255 and Plaintiffs have been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

47.     Under FLSA, Plaintiffs are entitled to liquidated damages in an amount equal to the wages Plaintiffs are owed as unpaid overtime.

48.     As a result of Defendants' unlawful acts, Plaintiffs are entitled to recovery of overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

49.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

## COUNT II

## VIOLATION OF THE FAIR LABOR STANDARDS ACT – MINIMUM WAGE

50. Plaintiffs reallege and incorporate all allegations in all preceding paragraphs as if fully set forth.

51. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

52. Plaintiffs were employees entitled to the statutorily mandated minimum wage.

53. Defendants willfully violated the FLSA by failing to pay Plaintiffs all the minimum wages due.

54. In addition to the amount of unpaid minimum wages owed to Plaintiff, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

55. The work was performed at Defendants' direction and/or with Defendants' knowledge.

56. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

57. Defendants knew their failure to pay minimum wage was a violation of the FSLA.

58. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT III

## VIOLATION OF ARIZONA'S WAGE ACT

59. Plaintiffs reallege and incorporate all allegations in all preceding paragraphs as if fully set forth.

60. At all times relevant to this action, Plaintiffs were and are employees and Defendants were and are each an employer of Plaintiffs within the meaning of and subject to Ariz. Rev. Stat. § 23-350.

61. Ariz. Rev. Stat. § 23-351(c)(3) provides that: "[o]vertime or exception pay shall be paid no later than sixteen days after the end of the most recent pay period."

62. As set forth above, the FLSA requires that Plaintiff be paid overtime wages for all hours worked in excess of forty hours per week. Defendant violated Ariz. Rev. Stat. § 23-351 by failing to pay wages and overtime due Plaintiff for work in excess of forty hours per week within the time periods specified in Ariz. Rev. Stat. § 23-351.

63. Defendants did not pay Plaintiff Justin Bloomer wages owed for work performed from July 22, 2022, to July 25, 2022.

64. As a result of Defendant's violations of Ariz. Rev. Stat. § 23-351, Plaintiff is entitled to an award of the unpaid wages, with prejudgment-interest thereon, and are entitled to treble the amount of such wages, together with attorneys' fees and costs pursuant to Ariz. Rev. Stat. § 23-355.

65. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, prays that judgment be entered against Defendants and that the

Court award the following relief including but not limited to:

  A. An Order declaring that Defendants have violated the FLSA;

  B. An Order declaring that Defendants have violated Arizona's Wage Act;

  C. An Order awarding, declaring or otherwise providing Plaintiff all other such injunctive, equitable and legal relief to which Plaintiff is or may be entitled whether or not specified herein;

  D. Judgment for Plaintiff against Defendants for the wages and overtime payments due him for the hours worked by him without proper compensation as set forth in 29 U.S.C. § 216(b);

  E. Judgment for Plaintiff against Defendants for liquidated damages as set forth in 29 U.S.C. § 216(b);

  F. Judgment for Plaintiff against Defendants for treble damages as set forth in Ariz. Rev. Stat. § 23-355;

  G. An Order awarding Plaintiff reasonable attorneys' fees along with costs pursuant to 29 U.S.C. § 216(b), Ariz. Rev. Stat. § 23-355;

  H. Any and all other legal and equitable relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 4th day of November 2022.

               */s/Thomas Brown*
               Thomas Brown
               *Attorney for Plaintiff*

ORIGINAL of the foregoing E-filed
This 4th day of November 2022, with:

Clerk of the Court
To the United States District Court
For the County of Arizona